### Christopher *Wolfe* v. *William Horton.*

ON *certiorari* to the mayor's court after issue joined, the plaintiff, without declaring *de novo* here, served a notice of trial for *Tuesday*, the 18th of *April*, and took an inquest at the last *New-York* sittings.

*Woods*, on affidavits showing these circumstances, moved to set aside the inquest, contending that the proceedings should have commenced anew, and a de-

claration in this court have been regularly served. He also took an exception to the return of the writ, in certifying that a copy only was sent up, and insisted the original bill, &c. ought to have been removed. In addition to this, he urged that the notice of trial being for *Tuesday*, instead of *Monday* the 18th, was insufficient, and therefore, on this ground, as well as the others, the application ought to be granted.

*Evertson* and *Boyd*, contra. The practice under a *certiorari*, is to be distinguished from that on a *habeas corpus cum causa*. By the former the proceedings themselves are brought up, by the latter, only a transcript is returned. In the first case, therefore, as the original pleadings in the cause are actually before the court above, the case is taken up as they then appear, and the suit goes on, from the last step below, without any renovation. This reasoning does not apply to a *habeas corpus*. The return to that, is not of the record itself, but of its tenor; of necessity, then, a new declaration must be filed here, for the purpose of creating a record, on which the superior jurisdiction may act. It is no argument against this reasoning to say, that the record is not in fact removed by a *certiorari*, and that, in the present instance, the very return specifies only a copy is sent up; for, in no case are the proceedings really moved from the court below. On writs of error from the king's bench to the common pleas, the record is not actually transmitted, yet by the fiction of law, it is so considered; and it is on this intendment, made from the nature of the writ, that the practice is founded. That the notice was

May Term,
1805.

for *Tuesday*, instead of *Monday* the 18th, is immate-
rial. It was impossible the defendant could have
been misled.*

* See exact-
ly the same
point in *Bat-
ten v. Hari-
son*, 3 *Bos. &
Pul.* 1.

*Per Curiam.* The last objection is a captious at-
tempt to take advantage. The period at which the
sittings were held, was a matter of general notoriety:
The day of the month was right, and though that of
the week was wrong, it could not, as the plaintiff's
counsel have remarked, mislead, and must therefore
be rejected as surplusage, for it was not necessary to
state it. With regard to the regularity of the prac-
tice adopted, it is settled, that upon a *certiorari* in a
civil suit, we must proceed as the court below would
have done, and consider the cause in the same state
here, as it was there. On the return of the writ,
therefore, the cause was at issue, and nothing more
required than to notice for trial. On a *habeas corpus*,
the history of the cause is sent up; on a *certiorari*,
the record itself. We cannot attend to the statement
of the return, that it is only a *copy* which has been
transmitted. In the eye of the law, this is the re-
cord; and its being called a copy in the return, can-
not make us consider it otherwise. In the analogous
case of a writ of error, urged on the argument, the
transcript only is before the court of king's bench.
But it is always regarded as the record itself. *Rex* v.
*North*, 2 *Salk.* 565. The same principle governs
the present case. Nothing is shown to take it out of
the general rule. If there are merits, they ought to
have appeared on affidavit. This not being done,
we must hold to strict practice, and deny the mo-
tion.